```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-8-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GEORGE REITH and DARIA REITH,

                Plaintiffs,

-against-

ALLIED INTERSTATE, INC.,

                Defendant.
-----------------------------------------------------------x

12 Civ. 4278 (PKC)

MEMORANDUM
AND ORDER

CASTEL, District Judge:

        Plaintiffs commenced this action on May 30, 2012 against defendant Allied Interstate, Inc. ("Allied") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§ 1692 et seq. After first returning a waiver of service of process, defendant filed an answer and offer of judgment for $500 on August 10, 2012. On August 24, 2012, the plaintiffs accepted the offer. Upon news of the acceptance, the Court dismissed the action on September 6, 2012, subject to the right to reopen within 45 days. Thereafter, plaintiffs moved for attorney's fees and costs, describing the outcome as "an excellent result for Plaintiffs . . . ." (P. Mem. 2.) Plaintiffs, who are residents of Niles, Michigan, were represented in this action by Kimmel & Silverman, P.C. of Ambler, Pennsylvania, a small law firm experienced in prosecuting actions of this type. Defendant acknowledges plaintiffs' entitlement to a reasonable attorney's fee but disputes that the fees and costs sought are reasonable, challenging both the hourly rates and the hours billed. The plaintiffs' motion is granted to the extent outlined below.

DISCUSSION

The presumptively reasonable attorney's fee is calculated by setting the reasonable hourly rate and multiplying it by the hours spent on the client's matter. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany and Albany Cnty. Bd. of Elections, 522 F.3d 182, 186 (2d Cir. 2008). "The reasonable hourly rate is the rate a paying client would be willing to pay." Id. at 190. The Court should endeavor to determine "the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (internal quotation marks omitted). The court "should . . . bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.

The starting point is a determination of whether the proposed hourly rate is reasonable in this district for the type of services and work. Id. In setting the reasonable hourly rate, Arbor Hill approves the use of the Johnson factors and several related considerations: "[1] the complexity and difficulty of the case, [2] the available expertise and capacity of the client's other counsel (if any), [3] the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), [4] the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, [5] whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and [6] other returns (such as reputation, etc.) that an attorney might expect from the representation." Id. at 184.[1]

---

[1] See Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93, 96 (1989). "The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6)

2

Plaintiffs seek hourly rates as follows: $425 for Mr. Kimmel, a partner; $300 for Ms. Patterson, a senior associate; $225 for Mr. Gentilcore, an associate; and paralegal rates of $165, $155, and $80 per hour. (P. Mem. 3-4.) Plaintiffs have marshaled opinions in this district for a wide assortment of cases including civil rights cases and a shareholder derivative action relating to an ERISA claim, finding rates ranging from $200 to $850 per hour for lawyers to be reasonable. (Id. at 12-16.) The cited cases in the main arise in the context of lawsuits of greater complexity and requiring greater skill than the case at hand. More to the point are the decisions of Magistrate Judge Peck in Ryan v. Allied Interstate, Inc., 12 Civ. 526 (AJP), 2012 WL 3217853 (S.D.N.Y. Aug. 9, 2012) and Henning v. Allied Interstate, Inc., 12 Civ. 526 (AJP), 2012 WL 3217853 (S.D.N.Y. Aug. 9, 2012), actions heard by him on consent jurisdiction. Magistrate Judge Peck concluded, in the context of FDCPA claims brought by plaintiffs represented the Kimmel law firm against Allied represented by the same law firm, that the following were reasonable rates: $300 per hour for Mr. Kimmel; $225 and $175 for two other lawyers within the firm; and $100 and $75 per hour for paralegals. Ryan, 2012 WL 3217853 at *6.

Quite recently, Judge Griesa of this district decided a fee application by the Kimmel firm in a FDCPA case brought by a resident of Glouster, Massachusetts against the same defendant, which was also resolved by the acceptance of a $500 offer of judgment. Messrs. Kimmel, Ryan and Keltz worked on the action before Judge Griesa and the instant action before the undersigned, aided by two associates. Judge Griesa concluded that the following hourly rates were reasonable: for Mr. Kimmel, $200; for a senior associate, $150; for a junior associate,

---

whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Arbor Hill, 522 F.3d at 187 n.3 (citing Johnson, 488 F.2d at 717-19). The Court recognizes that the Supreme Court's opinion in Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1672 (2010), appears to cast doubt on the Second Circuit's 2008 Arbor Hill opinion by endorsing the "lodestar" method over the more discretionary Johnson approach. However, this Court's determination is the same regardless of whether the discretionary factors outlined in Arbor Hill are employed.

$100; and for each of the paralegals, $50. Muise v. Allied Interstate, Inc., 12 Civ. 1317 (TPG), 2012 WL 4044699 (S.D.N.Y. Sept. 12, 2012).

Applying the relevant principles to this action, this Court concludes that the conduct described by plaintiffs in their complaint, if true, is wrongful and worthy of vindication and lawyers should be given the appropriate incentive to bring such cases. But a reasonable client, apprised of all relevant circumstances, would recognize that these cases are straightforward and the complaint would require little work beyond the recitation of a few facts specific to the plaintiffs and the invocation of the proper statutory language. A reasonable client would know in advance that, in a run-of-the-mill FDCPA action brought against Allied by the Kimmel firm, Allied would likely settle the case or make an offer of judgment for $500 or a figure close thereto.[2] Before retaining the Kimmel firm, a reasonable client would have understood in advance that $500 would be acceptable recompense and that bringing the action would deter future harassing conduct by Allied.

A reasonable client would not need to place any special time constraints on the lawyers. A reasonable client, apprised of all relevant circumstances, would not view this case as having the complexity of a Section 1983 civil rights case nor that of a moderately complex commercial dispute. There would be no issue of the Kimmel lawyers forgoing other lucrative work to take on this case which could be expected to have a short shelf life; rather, this would be another cookie-cutter case for the firm. In these unique circumstances, a reasonable client would likely seek and obtain rates in the range of those accepted by Magistrate Judge Peck and Judge Griesa. Here, I adopt Magistrate Judge Peck's somewhat higher figures of $300 per hour for Mr.

---

[2] Judge Griesa's case and both of Magistrate Judge Peck's cases were resolved with the acceptance of the defendant's $500 offers of judgment.

Kimmel, $225 and $175 for associates (in this case $225 for Ms. Patterson and $175 for Mr. Gentilcore), $100 per hour for Ms. Fitti and Mr. Ryan, and $75 per hour for Mr. Keltz.

I have reviewed the day-by-day listing of time charges by each timekeeper and conclude that the total of 7.5 hours for all timekeepers (4 hours for Mr. Kimmel and the balance for the two associates and three paralegals) is reasonable. Plaintiffs' costs of $576 are also reasonable.

CONCLUSION

Plaintiffs' motion (DE # 16) is granted to the extent outlined herein. Plaintiffs are directed to submit an order on notice within 7 days awarding attorney's fees and costs consistent with this Memorandum and Order.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 8, 2012

5